**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

STUART SAWYER, individually and on
behalf of others similarly situated,

     Plaintiff,                             CASE NO.:    1:19-cv-22212

v.                                     **CLASS ACTION**

INTERMEX WIRE TRANSFER, LLC,        **JURY TRIAL DEMANDED**

     Defendant.

_____/

**CLASS ACTION COMPLAINT**

1.      Plaintiff Stuart Sawyer brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage over the proliferation of intrusive, nuisance calling practices.  *See Mims v. Arrow Fin. Servs.*, *LLC*, 132 S. Ct. 740, 745 (2012).

2.      Plaintiff has received nonconsensual, autodialed text message calls from Defendant Intermex Wire Transfer, LLC ("Intermex") concerning someone else's use of its services. Intermex's calls continued even after Plaintiff asked that they stop.

3.      Given the automated - and incessant - nature of these violations, and that Intermex has been sued in the past under the TCPA, a class action is the best means of obtaining redress for Defendant's illegal text messaging, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**PARTIES**

4.      Plaintiff Stuart Sawyer is a natural person who resides in Santa Clara County, California. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39), as well as a citizen of the State of California. At all relevant times, Plaintiff was the subscriber for the cellular telephone at issue.

5.      Defendant Intermex Wire Transfer, LLC is a Florida limited liability company with a principal place of business at 9480 South Dixie Highway, Miami, Florida 33156.

**JURISDICTION AND VENUE**

6.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims*, 565 U.S. at 372.

7.      The Court has personal jurisdiction over Defendant and venue is appropriate in this District under 28 U.S.C. § 1391(a) because Intermex does business in this District, has its headquarters in this District, caused the calls that are the subject of this lawsuit to be made from this District, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

**TCPA BACKGROUND**

8.      Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective. However, this technology also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and money. As a result, the federal government and numerous states have enacted legislation to combat these widespread abuses. *See Mims*, 565 U.S. at 371 (noting that federal legislation – the TCPA – was enacted after

Congress found that callers, "by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls").

9.      Some of the TCPA's most stringent restrictions pertain to calls placed to cell phones: The statute broadly bans the making of any non-emergency call using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, unless with the "prior express consent" of the called party.  47 U.S.C. § 227(b)(1)(A)(iii); *see also Soppet v. Enhanced Recovery Co.*, 679 F.3d 637, 638 (7th Cir. 2012) ("An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.").

10.     Text messages are "calls" under the TCPA. *In re Rules & Regs. Implementing the TCPA*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

11.     The TCPA provides for injunctive relief and the greater of actual damages or $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated.  47 U.S.C. § 227(b)(3).

## FACTS

12.     Intermex has sent multiple text messages to Plaintiff's cell phone number.

13.     For example, Intermex sent the following text message to Plaintiff on December 11, 2018:

**Por favor llame a INTERMEX 800-792-8017, para la liberación del giro #18364. Responda STOP para cancelar mensajes.**

14.     Intermex sent Plaintiff the following text message on December 13, 2018:

**Giro #18364 fue recogido el 12/13/18. Responda STOP para detener mensajes. Reply STOP to cancel notifications. INTERMEX 800-670-8611**

15.     Intermex sent Plaintiff additional text messages New Year's Eve, February 26, 2019, and March 5, 2019. Upon information and belief, Intermex sent Plaintiff additional texts and calls, which will be revealed through discovery of Intermex's records.

16.     Plaintiff requested that Intermex stop contacting him, and told Intermex that he was a non-customer, in around December 2018, but calls and texts continued.

17.     The texts that Intermex sent Plaintiff were form communications that were sent to thousands of consumers with identical - or nearly identical - verbiage.

18.     Intermex did not have permission or consent to make the text message calls.

19.     Plaintiff did not authorize the placement of Intermex text message calls to his cell phone. Plaintiff has no relationship with Intermex, aside from these nonconsensual texts.

20.     On information and belief, Intermex logged Plaintiff's wrong-number notification/do-not-call request in its computer system, but continued to cause these text message calls to be made to Plaintiff despite this.

21.     Intermex's text message calls to the cell phones of Plaintiff and others were made using an automatic telephone dialing system ("autodialer") under the TCPA. The equipment had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, and Intermex engaged such functionality in its calls to Plaintiff and the class.  In other words, no human being physically dialed each digit of Plaintiff's and the other class members' telephone numbers to call their phones—the calls were made using equipment with the capacity to dial a large number of phone numbers in a short period of time, without human intervention.

22.     The equipment used to call Plaintiff and the other class members sequentially or randomly accessed their stored telephone numbers, and automatically called them.  The autodialer

accessed a dataset of Defendant, sorted through that dataset to determine which data to use to generate a list of numbers to call, generated a brand-new sequence for calling those numbers based upon complex algorithms, and then called the numbers. Intermex's dialer randomly and sequentially generated phone numbers for calling from a dataset, and then automatically called those numbers.

23.     On information and belief, Intermex keeps records and data from which it can determine which autodialed text message calls it made without consent, but has elected not to engage such to prevent TCPA violations for business reasons. Intermex placed its own pecuniary interests above Plaintiff and others' privacy interests.

24.     Plaintiff and the class have been damaged by Defendant's texts and calls. Their privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the text messages.  Defendant's text messages were annoying and a nuisance, and wasted the time of Plaintiff and the class. *See, e.g., Mims*, 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to autodialed calls).

25.     Plaintiff and the class suffered injury-in-fact in at least one of the manners contemplated by Congress when it passed the TCPA because of Defendant's conduct.

26.     Such injury-in-fact is directly traceable to Intermex's texts and phone calls.

27.     This injury-in-fact is redressable through a favorable decision by this Court.

28.     Intermex was aware of the TCPA's restrictions, but nonetheless proceeded to make these text message calls to Plaintiff and the Class, anyways. In fact, Intermex previously agreed to pay money to settle similar allegations that it violated the TCPA's prohibition against

nonconsensual text messages, in the case of *Baesel v. Intermex Wire Transfer, LLC*, No. 1:17-cv-24001 (S.D. Fla.).

**CLASS ACTION ALLEGATIONS**

29.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and a Rule 23(b)(3) (or, in the alternative, Rule 23(b)(2)) class (the "Class") consisting of:

> All non-customers (i) to whom Intermex or someone on its behalf sent a text or call (ii) to a cellular telephone number, (iii) using the same or similar texting system as was used in the text message calls to Plaintiff.

30.     Upon information and belief, Intermex texted more than 1,000 noncustomers in the four years leading to the filing of this action using the same or similar texting system as was used in the text messages to Plaintiff.

31.     Common questions of law or fact exist as to all members of the Class, and predominate over any questions solely affecting any individual member, including Plaintiff.  Such common questions include, but are not limited to, the following:

    a.     Whether Intermex's texts and calls were made used an "automatic telephone dialing system" or an "artificial or prerecorded voice" as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

    b.     Whether Intermex had "prior express consent" to contact noncustomers;

    c.     Damages, including whether Defendant's violations were performed willfully or knowingly such that Plaintiff and the other members of the Class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

32.     Plaintiff's claims are typical of the claims of the other members of the Class.  The factual and legal bases of Intermex's liability to Plaintiff and the other Class members are the

same: Defendant violated the TCPA by sending texts to each member of the Class, including Plaintiff, using an automatic telephone dialing system, without the requisite permission.

33.     Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has no interests that might conflict with the interests of the Class, is interested in pursuing these claims vigorously, and has retained counsel competent and experienced in class and complex litigation, including with regard to the claims alleged herein.

34.     Class action treatment is superior to all other alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail.  There are, on information and belief, thousands of members of the Class, such that joinder of all members is impracticable.

35.     No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

36.     Intermex has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual Class members, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct.

37.     Intermex knew about the TCPA, and knew that some of its text messages were being sent to noncustomers -including the texts it sent to plaintiff - but made a conscious decision to send automated text messages and calls in spite of this for business efficiency and pecuniary

reasons. Money damages are therefore insufficient to wrench compliance, and prospective relief is necessary to ensure compliance.

38.     The identity of the Class is, on information and belief, readily identifiable from Defendant's and its vendors' records.

## COUNT I

**Violations of the TCPA, 47 U.S.C. § 227**
**(Autodialed and/or Artificial or Prerecorded Voice Call Violations)**

39.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

40.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

41.     Intermex initiated, or caused to be initiated, calls to the cellular telephone numbers of Plaintiff and other noncustomers through use of an automatic telephone dialing system, or an artificial voice.

42.     These calls were made without regard to whether or not Intermex had consent or permission to make such calls. Intermex did not have prior express consent to call the cell phones of Plaintiff and the other members of the Class when the calls were made.

43.     Defendant's calls and violations were negligent; alternatively, they were willful or knowing.

44.     To the extent that some or all of the calls and texts to Plaintiff and the Class were made by Intermex's vendors, Intermex is liable for those communications, too.

45. As a result of Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the Class were harmed and are each entitled to a minimum of $500 in damages for each violation. Plaintiff and the Class are also entitled to an injunction against future calls. 47 U.S.C. § 227(b)(3).

46. Intermex has been sued for TCPA violations before, and knows about the TCPA's restrictions. It elected to send the text messages described herein in spite of its knowledge and prior experience.

47. Because Defendant knew or should have known that Plaintiff and the other members of the Class had not given prior express consent to receive its text message calls to their cell phones—and/or willfully caused such calls to be made to the cell phones of Plaintiff and the other members of the Class without prior express consent—the Court should treble the amount of statutory damages available to Plaintiff and the other members of the Class, pursuant to Section 227(b)(3) of the TCPA.

48. Moreover, because Intermex has been sued for TCPA violations before but failed to cease the illegal activity, it is clear that both money damages and injunctive relief are necessary to wrench proper compliance.

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests that the Court appoint Plaintiff as Class representative, appoint his counsel as Class Counsel, and enter judgment against Defendant for:

A. Certification of the Class as alleged herein;

B. A declaration that Defendant violated the TCPA as to Plaintiff and the Class;

C. An injunction prohibiting further automated calls to noncustomers;

D. Damages pursuant to 47 U.S.C. § 227(b)(3), as applicable;

E.      Costs, expenses, and attorneys' fees, to the extent permitted by law; and

F.      Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.


Dated: May 30, 2019

                                        Respectfully submitted,

                                        STUART SAWYER, individually and
                                        on behalf of others similarly situated

                                        By: _/s/ William "Billy" Peerce Howard_____
                                        William "Billy" Peerce Howard (Fla. Bar No.
                                        103330)
                                        THE CONSUMER PROTECTION FIRM, PLLC
                                        4030 Henderson Blvd.
                                        Tampa, FL 33629
                                        Telephone: (813) 500-1500
                                        Billy@theconsumerprotectionfirm.com

                                        Alexander H. Burke
                                        (pending *pro hac vice* admission)
                                        BURKE LAW OFFICES, LLC
                                        155 N. Michigan Ave., Suite 9020
                                        Chicago, IL 60601
                                        Telephone: (312) 729-5288
                                        aburke@burkelawllc.com

                                        *Counsel for Plaintiff*

**Document Preservation Demand**

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or artificial or prerecorded voice calls, e-mails, recordings, documents, and all other tangible things that relate to the allegations herein, Plaintiff, or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

*/s/*  _____