UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22212-BLOOM/Louis

STUART SAWYER, individually and on
behalf of others similarly situated,

    Plaintiff,

v.

INTERMEX WIRE TRANSFER, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff Stuart Sawyer's ("Plaintiff") Motion for Attorneys' Fees, Expenses, and Incentive Award, ECF No. [31] ("Motion"), filed on June 3, 2020, which seeks an award of fees and costs to Class Counsel and an incentive award for Plaintiff for his services as the Class Representative. Further, on June 8, 2020, Plaintiff filed a Certification of Non-Opposition, ECF No. [32], indicating that Defendant Intermex Wire Transfer, LLC ("Defendant") does not oppose the relief requested in the Motion. The Court has reviewed the Motion, the record in this case, the applicable law, had the benefit of hearing from counsel during the September 1, 2020 Final Approval Hearing, and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

Plaintiff first requests a fee award for Class Counsel in the amount of $1,083,333.33, which is one-third of the common settlement fund. Both the United States Supreme Court and the Court of Appeal for the Eleventh Circuit have expressly approved calculating fees by applying the percentage-of-recovery method to the total value of the settlement. *See Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980) ("[A] litigant or lawyer who recovers a common fund for the benefit of

persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295-96 (11th Cir. 1999) (affirming fee award of 33-1/3% of total amount made available to class, and determining that attorney's fees may be determined based on total fund, not just actual payout to class); *see also Poertner v. Gillette Co.*, 618 F. App'x 624, 628 (11th Cir. 2015) (quoting *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991) ("attorney's fees awarded from a common fund shall be based on a reasonable percentage of the fund established for the benefit of the class")); *David v. Am. Suzuki Motor Corp.*, No. 08-cv-22278, 2010 WL 1628362, at *8 n.14 (S.D. Fla. Apr. 15, 2010) (settlement with ascertainable benefits may be treated as a common fund to which a percentage fee may be awarded, even if the fee is separately paid by the defendant). "Under *Camden I*, courts in this Circuit regularly award fees based on a percentage of the recovery, without discussing lodestar at all." *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1363 (S.D. Fla. 2011) (citing *David*, 2010 WL 1628362, at *7-8).

In this case, the result achieved is exceptional, and perhaps best supports the basis and justification for Class Counsel's requested fee award. The result achieved by counsel is a major factor to consider in making a fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 436, (1983) ("critical factor is the degree of success obtained"); *Behrens v. Wometco Enterprises, Inc.*, 118 F.R.D. 534, 547-48 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990) ("The quality of work performed in a case that settles before trial is best measured by the benefit obtained."). Moreover, the requested fee of one-third of the settlement fund is in keeping with fee awards approved by other courts in TCPA actions. *See Hanley v. Tampa Bay Sports & Entm't LLC*, No. 8:19-cv-00550-CEH-CPT, 2020 WL 2517766, at *6 (M.D. Fla. Apr. 23, 2020) ("Indeed, district courts in the Eleventh Circuit routinely approve fee awards of one-third of the common settlement fund.");

*Wolff v. Cash 4 Titles*, No. 03-cv-22778, 2012 WL 5290155, at *6 (S.D. Fla. Sept. 26, 2012) (collecting cases and concluding that 33% is consistent with the market rate in class actions); *Waters*, 190 F.3d at 1295-96 (affirming attorneys' fee award of 33.3% to class counsel). In this case, considering the complexity of the case and the result achieved, a fee award of $1,083,333.33 is reasonable. *See Hanley*, 2020 WL 2517766, at *6.

Plaintiff's Class Counsel also seeks to be reimbursed for the out-of-pocket costs and expenses, which total to $9,254.22. "Courts typically allow counsel to recover their reasonable out-of-pocket expenses. Indeed, courts normally grant expense requests in common fund cases as a matter of course." *Id.* at *6; *see also Dowdell v. City of Apopka*, 698 F.2d 1181, 1191-92 (11th Cir. 1983) ("[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988."); *Flaum v. Doctor's Assoc., Inc.*, No. 16-61198-CIV, 2019 WL 2576361, at *4 (S.D. Fla. Mar. 11, 2019) (approving costs to Class Counsel). The requested award of costs and expenses here consists of mediation and case-related travel costs, and the Court finds these expenses to be in line with normal expenditure amounts. *See James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS, 2017 WL 2472499, at *2 (M.D. Fla. June 5, 2017) (approving recovery of mediation, travel, and other expenses incurred in connection with the matter).

Finally, the Motion requests that an incentive award of $15,000.00 be awarded to Plaintiff as the Class Representative. Private class action suits are a primary weapon in the enforcement of laws designed for the protection of the public. *See Pinto v. Princess Cruise Lines*, 513 F. Supp. 2d 1334, 1344 (S.D. Fla. 2007). Further, "there is ample precedent for awarding incentive compensation to class representatives at the conclusion of a successful class action." *David*, 2010

WL 1628362, at *6. These awards "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action." *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1218 (S.D. Fla. 2006). "Courts have consistently found service awards to be an efficient and productive way to encourage members of a class to become class representatives." *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d at 1357. In the instant action, Class Counsel has represented that the Class Representatives aided in the investigation of the claims asserted and ultimate settlement. Approval of this award is warranted as a matter of policy and is appropriate under applicable precedent. Therefore, the request for a $15,000.00 incentive award for Plaintiff as the Class Representative is granted. *See, e.g.*, *Cabot E. Broward 2 LLC v. Cabot*, No. 16-61218-CIV, 2018 WL 5905415, at *11 (S.D. Fla. Nov. 9, 2018) (awarding each class representative a $50,000.00 incentive award).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [31]**, is **GRANTED**.
2. Class Counsel is awarded **$1,083,333.33** in attorneys' fees and **$9,254.22** in litigation costs and expenses.
3. Plaintiff, as Class Representative, is granted an incentive award of **$15,000.00**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 3, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record