UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22212-BLOOM/Louis

STUART SAWYER, individually and on
behalf of others similarly situated,

    Plaintiff,

v.

INTERMEX WIRE TRANSFER, LLC,

    Defendant.
_____/

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**THIS CAUSE** is before the Court upon Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, ECF No. [33] ("Motion"). The Court held a Final Approval Hearing on September 1, 2020, with notice having been provided in accordance with the Preliminary Approval Order. The Court has reviewed the Motion, the arguments presented, the record in this case, the applicable law, and is otherwise fully advised. Based upon this review, the Court finds that good cause exists and that there is no just reason for delay in entry of this Order Granting Final Approval of Class Action Settlement (the "Final Approval Order" or this "Order").

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [33]**, is **GRANTED** as follows:

    1.    Unless otherwise defined, all capitalized terms in this Final Approval Order shall have the same meaning as they do in the Settlement Agreement, ECF No. [29-2].

    2.    The Court has jurisdiction over the subject matter of the Litigation and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes, as follows:

> All noncustomers successfully contacted by Intermex by text message, through use of the same texting platform that was used to contact Plaintiff, between May 30, 2015 and October 7, 2019.

3. The Court finds that the Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of the Litigation and of the strengths and weaknesses of their respective positions. Further, settlement occurred only after mediation before a third-party neutral mediator and additional negotiations between the Parties. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

4. The Court finally certifies the Settlement Class for settlement purposes and finds, for settlement purposes, that the Litigation satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class it seeks to represent; (d) Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

5. The Court finally appoints Burke Law Offices, LLC and The Consumer Protection Firm, PLLC as Class Counsel for the Settlement Class.

6. The Court finally designates Plaintiff Stuart Sawyer as the Class Representative.

7. The Court makes the following findings and conclusions regarding notice to the Settlement Class:

a. The Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Settlement Agreement and the Class Notice and its dissemination were in compliance with the Court's Preliminary Approval Order;

b. The Class Notice: (i) constituted the best practicable notice under the circumstances to potential Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient individual notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

c. The Court finds that Defendant has complied with its notice obligations under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed Settlement.

8. A total of three Settlement Class Members submitted timely and proper requests for exclusion. *See* ECF No. [36-1] at 1-2. The Court hereby orders that each of those individuals is excluded from the Settlement Class. Those individuals will not be bound by the Settlement Agreement, and neither will they be entitled to any of its benefits. No objections were received as to the Settlement.

9. The Court finally approves the Settlement Agreement as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e), considering that: (A) the Class Representative and Class

Counsel have adequately represented the Class; (B) the Settlement was negotiated at arm's length; (C) the relief provided for the Class is adequate, including given (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of the method of distributing relief to the Class, including the method of processing claims, (iii) the terms of the proposed award of attorney's fees, including timing of payment, and (iv) the terms of the Parties' agreement; and (D) the fact that the Settlement treats Class Members equitably relative to each other. The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

10. The Court approves the plan of distribution for the Settlement Fund as set forth in the Settlement Agreement. The Settlement Administrator is ordered to comply with the terms of the Agreement with respect to distribution of Settlement Relief, including a further payment, if administratively feasible. Should any unclaimed funds be distributed, the Court hereby approves the Public Justice Foundation ("PJF") and National Consumer Law Center ("NCLC") as *cy pres* recipients who shall receive an equal distribution of any unclaimed funds, after accounting for the costs of administering that distribution.

11. Class Counsel have moved for an award of attorneys' fees and reimbursement of expenses. In reference to such motion, this Court makes the following findings of fact and conclusions of law:

    a. that the Settlement confers substantial benefits on the Settlement Class Members;

    b. that the value conferred on the Settlement Class is immediate and readily quantifiable;

      c.    that within 60 days after the Final Settlement Date, Settlement Class Members who have submitted valid Claim Forms will be sent cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the TCPA;

      d.    that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

      e.    that the Settlement was obtained as a direct result of Class Counsel's advocacy;

      f.    that the Settlement was reached following extensive negotiation between Class Counsel and Defense Counsel, and was negotiated in good faith and in the absence of collusion;

      g.    that counsel who recover a common benefit for persons other than themselves or their client are entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g.*, *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 866, 900 n.16 (1984).

12.    Accordingly, Class Counsel are awarded $1,083,333.33 for attorneys' fees and $9,254.22 in litigation expenses from the Settlement Fund, which this Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded amongst and between Class Counsel.

13.    The Class Representative, as identified in the Preliminary Approval Order, is compensated in the amount of $15,000.00 for his efforts in this case.

14. The terms of the Settlement Agreement and of this Final Approval Order, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, and anyone claiming through them such as heirs, administrators, successors, and assigns.

15. The Releases, which are set forth in Section 10 of the Settlement Agreement, are expressly incorporated herein in all respects. Upon the Final Settlement Date, the Releasing Persons shall, by operation of the Judgment, be deemed to have fully, conclusively, irrevocably, and finally released, relinquished, and discharged the Released Persons from any and all Released Claims.

16. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Order, nor any of its terms and provisions nor the Judgment to be entered pursuant to this Order, nor any of its terms and provisions, shall be:

    a. offered by any person or received against any Released Party as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Party of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of any Released Party; or

    b. offered by any person or received against any Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with

6

respect to any statement or written document approved or made by any Released Party or any other wrongdoing by any Released Party; or

   c. offered by any person or received against any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

  17. This Order, the Judgment to be entered pursuant to this Order, and the Settlement Agreement may be filed in any action against or by any Released Person to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

  18. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

  19. This Order and the Judgment to be entered pursuant to this Order shall be effective upon entry.  In the event that this Order and/or the Judgment to be entered pursuant to this Order are reversed or vacated pursuant to a direct appeal in the Litigation or the Settlement Agreement is terminated pursuant to its terms, all orders entered and releases delivered in connection herewith shall be null and void.

  20. Pursuant to Federal Rule of Civil Procedure 58, the Court will enter Judgment separately.

Case No. 19-cv-22212-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 3, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record